UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN SANDERS, JR., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>REINSURANCE GROUP OF AMERICA INCORPORATED,<br>Registered Agent:<br>C T Corporation System<br>120 South Central Ave.<br>Clayton, MO  63105<br><br>    Defendant. | CAUSE NO.:  4:20-CV-1305<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1. Plaintiff John Sanders, Jr., individually and on behalf of all others similarly situated, files this Class Action Complaint against Reinsurance Group of America Incorporated ("RGA" or "Defendant").  Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### II.    NATURE OF THE CASE

2. This is a consumer class action based upon Defendant's willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  Plaintiff brings this action on behalf of hundreds, if not thousands, of employment applicants who have been the subject of Defendant's illegal practices under the Fair Credit Reporting Act.

1

3. Congress created heightened standards regulating the use of consumer reports for employment purposes. 15 U.S.C. § 1681b(b)(3). Under the FCRA, a person using a consumer report for employment purposes who intends to take any adverse employment action based in whole or in part on the report must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, *before taking such adverse action. Id*. After an adverse action occurs, the applicant must receive a second notice mandated by 15 U.S.C. § 1681m. (Hereafter, Plaintiff will refer to the first of these notices as the "Pre-Adverse Action Notice" and the second as the "Adverse Action Notice.").

4. This is one of the most fundamental protections afforded to employees under the FCRA. The purpose of this Pre-Adverse Action Notice is to allow prospective and current employees an opportunity to clear up any inaccuracies or misstatements in the report and to address any misunderstandings the report may have created for the employer before the employer receives a supposedly "verified" report from a third-party agency. For this reason, the FCRA is designed to provide employees/applicants with ample time to review, dispute, and/or address the information contained in their consumer report including the right to identify inaccuracies or misunderstandings and correct or explain them before the employer has made an employment decision.

5. RGA systematically violates section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment action without, beforehand, proving the person who is the subject of the report sufficient and timely notification and a copy of the report and summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

### III.     JURISDICTION & VENUE

6.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV.     PARTIES

8.     Plaintiff is an adult individual who resides in Highland, Illinois.

9.     RGA regularly conducts business in the state of Missouri and has a principal place of business located in Chesterfield, Missouri.

### V.     FACTUAL ALLEGATIONS

**A.     RGA's Use of Griffin's Background Screening Reports**

10.     RGA conducts background checks on applicants for employment.

11.     Under the FCRA, a "user" of a consumer report, such as RGA, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).

12.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer job applicant that he is about to experience an adverse action, such as a rejection, based on a report's contents, and to provide him an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user *before* that job or job prospect is lost.

13.     But RGA, when it intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report, does not provide notice of that fact to the consumer job applicant, and does not include with the notice a copy of the

3

consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.

B.     **The Experience of Plaintiff**

14.    On or about April 20, 2020, RGA offered Plaintiff a full-time job as a Senior Security Risk Analyst with an anticipated start date of May 18, 2020.  The position was to pay Plaintiff $104,000 per year, plus a bonus and other benefits.

15.    RGA's employment offer was contingent on Plaintiff satisfactorily completing a background investigation.

16.    Plaintiff accepted RGA's offer.

17.    That same day, Plaintiff signed a background check authorization from Griffin Personnel Group ("Griffin").  The form stated:

> In connection with my application for employment, I understand that a through background check may be requested, involving information as to my character, work habits, performance, and experience, along with reasons for termination of past employment. I further understand information may be requested from public and private sources about my: worker's compensation injuries, driving record, criminal record, education, previous employment, salary history, credit history and any civil filings and/or bankruptcies.

18.    Griffin Personnel Group is a consumer reporting agency.

19.    Upon information and belief, RGA then purchased a consumer report about Plaintiff from Griffin.

20.    On May 15, 2020, RGA called Plaintiff to a meeting and told him that he had not passed the background check.

21.    A few days later, Plaintiff received a letter in the mail from Griffin dated May 14, 2020:

> Griffin Personnel Group regrets to inform you that based on the results of your background check; you are not eligible for

4

> employment with RGA. RGA is therefore rejecting your application for employment effective immediately.
>
> Please be advised that the decision of RGA to reject your application was based, at least in part, on the information obtained from a consumer report.

22. When Plaintiff was informed that he would be denied employment because of information in his background check, RGA had not provided him with a copy of the consumer report.

23. Since Plaintiff had not received a copy of the consumer report on which RGA was declining his employment, he did not know why he was being denied employment or the information Griffin had reported about him to RGA.

## VI.   CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> **The RGA Pre-Adverse Action Class:**
>
> All natural persons residing within the United States and its Territories about whom, (i) beginning five years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) were the subject of a consumer report used by Defendant for employment purposes; (iii) were the subject of an adverse action by Defendant based in whole or in part based on a consumer report, and (iv) were not provided with a copy of the report and/or a written summary of their rights under the FCRA.

25. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

26. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, RGA makes employment decisions on hundreds, if not thousands, of consumers each year based on their consumer reports, and those persons' names and addresses are identifiable through documents maintained by RGA.

5

27.    **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members.  The common legal and factual questions include, among others, whether RGA willfully violated section 1681b(b)(3) of the FCRA.

28.    **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of RGA's common course of conduct.

29.    **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class.  His interests are aligned with and not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

30.    **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by RGA's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by

the complex legal and factual issues raised by RGA's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.   CAUSES OF ACTION

### COUNT I

### 15 U.S.C. § 1681b(b)(3) (Class Claim against RGA)

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

33. RGA is a "person" and regularly uses background reports for employment purposes.  15 U.S.C. § 1681a(b).

34. The reports ordered by RGA are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

35. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking any such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

36. For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

37. The FCRA requires RGA, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

38. RGA is aware of the FCRA, but failed to comply with its requirements.

39. RGA willfully and/or recklessly violated section 1681b(b)(3) of the FCRA by failing to provide consumers, including Plaintiff, the following *before* using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

                    **WEINER & SAND LLC**

                    Jeffrey B. Sand (*pro hac vice*)
                    181568(GA)
                    Andrew L. Weiner (pro hac vice)
                    808278(GA)
                    800 Battery Avenue SE
                    Suite 100
                    Atlanta, GA 30339
                    T: 404.205.5029
                    T: 404.254.0842
                    F: 866.800.1482
                    E: aw@atlantaemployeelawyer.com
                    E: js@atlantaemployeelawyer.com
                    \**Pro hac vice* applications forthcoming

                    *Attorneys for Plaintiff*